TATE, Judge.
Plaintiff Mrs. Bailey was hurt when a store canopy fell upon her and two other ladies. The facts, legal issues, and reasons for recasting and affirming the decision below are fully set forth in our opinion giving reasons for judgment in the three consolidated cases reported as Green, Bailey, and Leger v. Southern Furniture Co., Inc., 94 So.2d 508.
Plaintiffs, Mr. and Mrs. Bailey, have filed answers seeking an increase in the amounts awarded below. ■ Defendants urge reduction thereof.
We think the amount awarded by way of general damages for personal injuries and pain neither manifestly insufficient nor manifestly excessive.
Defendants urge that the $150 in special damages awarded Mr. Bailey for his wife’s loss of earnings should have been rejected because they construe her employer’s testimony to have been that he paid them to Mrs. Bailey even though she was absent, based upon his negative reply to the question “You didn’t cut her wages when she came back to work, did you?” (Tr-304.) As did the District Court, correctly awarding this item, we interpret this response to mean that he the employer did not cut Mrs. Bailey’s weekly rate of pay when she returned to work with some minor residual disability. We are therefore not called upon to determine whether a tortfeasor may receive the benefit of gratuitous wage payments made by a third person. See 25 C.J. S., Damages, § 38, p. 510.
Likewise, the District Court’s discretion will not be disturbed in the inclusion of the cost of Dr. Briel’s examination among the medical damages awarded. The evidence does not clearly show that it was for the purpose of eliciting testimony (and not for diagnosis for treatment) and therefore disallowable, Cummings v. Albert, La. App. 1 Cir., 86 So.2d 727.
For the foregoing and for the reasons set forth in the consolidated opinion above-cited, the judgment below will be amended and recast as follows: the amounts of the judgment, interest, and costs, in favor of the plaintiffs is affirmed; judgment is rendered in favor of plaintiffs and against defendants Mrs. Ida I. Kaplan, David Kaplan, and Patricia Kaplan Sugar, and against their insurer, the Phoenix Indemnity Company, holding these named defendants solidarity liable to plaintiffs in said amounts; and judgment is further rendered on their third party petition and call in warranty in similar amounts in favor of these defendants and against' their codefendant, the *529 Southern Furniture Company, Inc. (against which codefendant alone this relief was sought by answer to the appeal). This latter defendant thus cast is assessed with all costs of these proceedings and of this appeal.
Amended and recast; affirmed.
ELLIS, J., dissented.